**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE**

United States of America

    v.                                    Criminal No. 06-cr-079-03-PB

Keith Samson

**ORDER OF DETENTION PENDING TRIAL**

     In accordance with Section 3142(f) of the Bail Reform Act, 18 U.S.C. §§ 3141 et seq., a hearing was conducted on July 13, 2006, for the purpose of determining whether to detain defendant, Keith Samson, who has been indicted on one count of possessing two 12 gauge shotguns with obliterated serial numbers.

     Under 18 U.S.C. § 3142(f)(2)(a), a court, in making a determination regarding detention, must evaluate the risk of the defendant's flight. In circumstances when detention is not mandated by the court, the court is nonetheless empowered to impose conditions on release. 18 U.S.C. § 3142(c).

     Pursuant to the provisions of 18 U.S.C. § 3142(g) a court, in assessing the risks noted in 18 U.S.C. § 3142(b), shall consider the following: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence as to guilt; (3) the history and characteristics of the accused, including

family ties, past history, financial resources and employment; and (4) the nature and seriousness of the danger to any person or the community that would be posed by a release.

During the course of a hearing conducted pursuant to 18 U.S.C. § 3142, the government typically retains the burden of persuading the court that "'no condition or combination of conditions will reasonably assure' the defendant's presence at trial." United States v. Perez-Franco, 839 F.2d 867, 870 (1st Cir. 1988)(quoting United States v. Palmer-Contreras, 835 F.2d 15, 17-18 (1st Cir. 1987)); United States v. Patriarca, 948 F.2d 789, 793 (1st Cir. 1991). For its part, the government is required to offer a preponderance of the evidence to prove risk of flight. See Patriarca, 948 F.2d at 792-93.

In the case at hand, the indictment itself constitutes probable cause to believe that the offense charged has been committed and that the defendant has committed it.

Here, I find that the government has met its burden with regard to risk of flight. Specifically, while the charge is a possession one it involves two shotguns defendant knew would be used by his "Dominion" gang buddies to commit a robbery. He has unstable family ties, was homeless, only recently employed and

has three "AWOL" absences from YDC and one escape.

Upon full consideration of the arguments offered by the government and defense, I am satisfied that the defendant poses a risk of flight.

Accordingly, it is **ORDERED** that the defendant be detained pending trial.

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.  The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel.  On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

**SO ORDERED.**

_____
James R. Muirhead
United States Magistrate Judge

Date: July 14, 2006

```
cc:     Debra M. Walsh, AUSA
        Jonathan R. Saxe, Esq.
        Richard F. Monteith, Jr., Esq.
        Paul W. Pappas, Esq.
        Michael D. Ramsdell, Esq.
        U.S. Marshal
        U.S. Probation
```